IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| RASHAAN GOLDEN | § | |
| v. | § | CIVIL ACTION NO. 6:12cv368 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Petitioner Rashaan Golden, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of his conviction. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Golden was convicted of injury to a child on November 1, 2001, in the 241st Judicial District Court of Smith County, Texas, receiving a sentence of 60 years in prison. After unsuccessfully seeking relief in state court, Golden filed a federal habeas corpus petition, which was dismissed with prejudice because of the expiration of the statute of limitations. The Fifth Circuit dismissed Golden's appeal because his notice of appeal was not timely filed. Golden v. Director, civil action no. 6:04cv412 (E.D.Tex., dismissed February 25, 2005, appeal dismissed).

On May 11, 2012, Golden signed the present habeas corpus petition, which also challenges his 2001 conviction. He acknowledged that he did not receive permission from the Fifth Circuit to file a successive petition, but says that he discovered the factual predicate for his claim of actual innocence, which was that the burns to the victim's body did not amount to a "serious bodily injury," on October 4, 2011.

After review of the pleadings, the Magistrate Judge issued a Report recommending that the petition be dismissed. The Magistrate Judge noted Golden's admission that he did not have leave from the Fifth Circuit to file a successive petition; in fact, in October of 2010, Golden filed a motion for leave to file a successive petition, which was denied on December 14, 2010. *See* In re Golden, slip op. no. 10-41096 (5th Cir., order denying leave to file a successive petition, December 14, 2010).[1] Because Golden did not have permission to file a successive petition, the Magistrate Judge concluded that the district court lacked jurisdiction to consider it, citing Crone v. Cockrell, 324 F.3d 833, 836 (5th Cir. 2003), and recommended that the petition be dismissed without prejudice until such time as he obtained leave from the Fifth Circuit to file a successive petition.

Golden filed objections to the Magistrate Judge's Report on November 30, 2012. In his objections, Golden argues that the dismissal of his first habeas petition as barred by limitations was in error, and that this dismissal was not on the merits in any event, meaning that his second petition was not successive.

Objections to a Report in a second case are not the proper place in which to argue that the dismissal of an earlier case was in error. Even were these objections the proper forum for such an argument, Golden has offered nothing to show that the dismissal of his earlier habeas petition was in error. This contention is without merit.

Golden also argues that the dismissal of a petition as barred by limitations is not a "decision on the merits" so as to make a later petition successive. The Fifth Circuit and other courts have rejected this contention. In re Flowers, 595 F.3d 204, 205 (5th Cir. 2009) (*per curiam*). *See also* Murray v. Greiner, 394 F.3d 78, 81 (2nd Cir. 2005); Gray v. Dretke, civil action no. H-05-2102, 2005 WL 1768750 (S.D.Tex., July 26, 2005, appeal dismissed). This is because a dismissal of a prior petition on limitations grounds is "akin to a dismissal on the merits" and thus bars a subsequent

---

[1] Although Golden says that he discovered this new evidence in October of 2011, his motion for leave to file a successive petition, which was filed in October of 2010, relies upon this same "newly discovered evidence."

petition unless authorized by the Court of Appeals. Bell v. Rader, civil action no. 6:12cv651, 2012 WL 5400041 (W.D.La., October 15, 2012), *Report adopted at* 2012 WL 5400063 (W.D.La., November 5, 2012) (collecting cases). The dismissal of Golden's prior petition as barred by the statute of limitations thus has preclusive effect, preventing him from filing a successive petition unless he receives permission from the Fifth Circuit to do so. His claim on this point is without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, together with the Report of the Magistrate Judge and the Petitioner's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct. It is accordingly

ORDERED that the Petitioner's objections are OVERRULED and the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED without prejudice, with refiling conditioned upon the Petitioner obtaining permission from the Fifth Circuit Court of Appeals to file a successive petition. He may not refile this petition or otherwise challenge this conviction through federal habeas corpus proceedings until such time as he receives this permission. It is further

ORDERED that the Petitioner Rashaan Golden is hereby DENIED a certificate of appealability *sua sponte*. The denial of this certificate refers only to an appeal of the decision in this case and shall have no effect upon Golden's right to seek permission from the Fifth Circuit to file a successive petition, or to fully pursue such a petition once that permission has been obtained.

ORDERED that any and all motions which may be pending in this civil action are hereby DENIED.

**It is SO ORDERED.**

**SIGNED this 4th day of December, 2012.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE